IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GERALD I. SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.15-112-SLR |
| | ) | |
| KNIGHTS OF COLUMBUS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Gerald I. Smith, Jr., Dover, Delaware. Pro se Plaintiff.

Megan Trocki Mantzavinos and Emily Kara Silverstein, Esquires, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Wilmington, Delaware. Counsel for Knights of Columbus.

Jennifer Lynne Hall, Assistant United States Attorney, Wilmington, Delaware. Counsel for Defendants President Barack Hussein Obama, Vice-President Joseph Robinette Biden, Eric Himpton Holder, Charles Timothy Hagel, President George Walker Bush, Jocelyn Elaiho, Gordon Peters, Philip E. Jones, Stanley Cindrity, Jon Tabije, and Stephen P. Mueller.

David H. Williams and Allyson Britton DiRocco, Esquires, Morris James LLP, Wilmington, Delaware. Counsel for Julie Lavender.

**MEMORANDUM OPINION**

Dated: July 1 , 2015
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Gerald I. Smith, Jr. ("plaintiff") proceeds pro se and has paid the filing fee. He filed this lawsuit on January 30, 2015 alleging violations of federal laws, treaties, and the constitution. (D.I. 1) On February 19, 2014, the court ordered plaintiff to show cause why the complaint should not be dismissed for failure to state a claim and/or for lack of jurisdiction. (D.I. 8) Plaintiff filed a responsive brief with a 541 page appendix.[1] (D.I. 24, 25) In the meantime, motions to dismiss were filed by defendants Julie Lavender ("Lavender") and Philip Jones ("Jones"). (D.I. 14, 17) Plaintiff has also filed a motion to change venue to the United States District Court for the Southern District of New York. (D.I. 45) The case was stayed upon motion of current and former officers and employees of the United States government and military members named as defendants, pending the court's ruling on the sufficiency of the complaint. (*See* D.I. 39, 40)

## II. BACKGROUND

The complaint appears to stem from acts that occurred prior to, and after, plaintiff's discharge from the military on March 31, 2014. (D.I. 1, ¶ 5) He seeks $30,000,000 in compensatory damages for lost wages, housing, medical coverage, and security measures at home due to potential retaliation from senior leaders. (D.I. 1, ¶ VI Relief) Plaintiff has sued a number of defendants including, but not limited to, the

---

[1] The court reviewed each page of the voluminous appendix. The majority of the documents in the appendix are emails or letters authored plaintiff.

Knights of Columbus ("KOC"), the United States President and Vice-President and the former Attorney General and Secretary of Defense. He alleges that defendants and numerous accomplices and conspirators retaliated against him after he filed complaints with the FBI, the CIA, Department of Defense, and the United States Department of Justice regarding the commission of federal offenses. Plaintiff alleges violations of his rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, violations of federal laws, and violations of the United Nations Convention against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("U.N. Convention").

Plaintiff believes that members of the KOC, including defendant Wayne Goulet ("Goulet"), had knowledge of a federal crime committed against plaintiff and that the KOC had the power to prevent or aid in preventing the crime but failed to do so in violation of 42 U.S.C. § 1986. Plaintiff describes the crime as a September 2008 needle stabbing that led to October 2008 visions in Germany. Later, plaintiff claims he was a victim of retaliation when General Dillion ("Dillion") used the KOC as a means to retaliate against him. Plaintiff alleges this violated 18 U.S.C. § 1513[2] and caused him to resign from the KOC and leave the Catholic Church. Plaintiff alleges that the actions taken by the KOC also violated the U.N. Convention. (D.I. 1, ¶¶ 1, 11)

Plaintiff alleges that defendants President Obama ("President Obama") and Vice-President Biden ("Biden") had prior knowledge of the 2008 needle stabbing incident and failed to prevent it. He wrote to President Obama in November 2012 but did not receive

---

[2] Retaliating against a witness.

2

a response. Plaintiff received responses to complaints he made to the office of defendant former Attorney General Eric Holder ("Holder"), but the responses disregarded plaintiff's rights. Plaintiff alleges President Obama and Holder violated 42 U.S.C. § 1983 and § 1985 and that Biden violated 42 U.S.C. § 1982 and 18 U.S.C. § 2. He also alleges Holder violated the Fourteenth Amendment and 18 U.S.C. §§ 3 and 1001. Shortly after plaintiff wrote President Obama, he was ordered by his military commander to an in-patient psychiatric unit but was given no reason. Plaintiff alleges the illegal actions are an obvious cover-up by senior leaders in violation of U.S. Public Law 102-484, § 546. (*Id.* at ¶¶ 2-4)

Plaintiff alleges harassment by numerous unnamed African Americans prior to and after the needle incident. He alleges the African Americans were aware of a plan involving the 1989 religious event. In March 2014, plaintiff provided the Air Force Office of Special Investigations with evidence, but has received no response. (*Id.* at ¶ 2)

Plaintiff alleges that defendant former Secretary of Defense Charles Hagel ("Hagel") violated 10 U.S.C. § 1034,[3] 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 1512,[4] 18 U.S.C. § 3, and DOD Directive 7050.06 when plaintiff's complaint was referred to the Secretary of the Air Force, but plaintiff did not receive the results of the investigation until twenty months later. (D.I. 1, ¶ 5) Plaintiff alleges that President George Walker Bush ("President Bush") violated 18 U.S.C. § 2340A, 18 U.S.C. § 2441,

---

[3] Section 1034 confers an administrative remedy with a six-month statute of limitations, see § 1034(c)(1), (3), and creates no private right of action. *See Acquisto v. United States*, 70 F.3d 1010, 1011 (8th Cir. 1995) (no express or implied private right of action).

[4] Tampering with a witness.

3

Executive Order 12333, The War Crimes Act of 1949 and the U.N. Convention when he conspired and approved illegal action (i.e., needle stabbing/injection) taken against plaintiff by the CIA. (D.I. 1, ¶ 6)

Plaintiff alleges that defendant Jocelyn Elaiho ("Elaiho") violated 18 U.S.C § 1519 and § 1001 and the U.N. Convention when she used her government position to retaliate against plaintiff for a complaint he filed. Plaintiff alleges this is documented in Elaiho's July 13, 2011 memo to plaintiff's medical evaluation board. Plaintiff alleges that defendant Gordon Peters ("Peters") also violated 18 U.S.C § 1519 and § 1001 and the U.N. Convention, as well as 18 U.S.C. § 4 and 18 U.S.C. § 1513, after he barraged plaintiff with negative comments while waiving a finger in plaintiff's face. Plaintiff alleges that Peters had prior knowledge of the needle stabbing incident. Plaintiff alleges that after he filed complaints against Peters, negative actions were taken against him including false statements in a letter of counseling. (D.I. 1, ¶ 8)

Plaintiff alleges that Jones violated 42 U.S.C. § 1985, 18 U.S.C. §§ 1001, 1513, and 1519, and the U.N. Convention when he harassed and took negative actions against plaintiff after he filed complaints. The negative action included false statements in a letter of counseling. (D.I. 1, ¶ 9)

Plaintiff alleges that defendant Stanley Cindrity ("Cindrity") violated 18 U.S.C. § 2 and § 2340A as an accomplice who assisted in the planning and timing of illegal visions that occurred in Germany. The first vision was on October 13, 2008 at a church and the second occurred several weeks later at a pub. (D.I. 1, ¶ 10) Plaintiff alleges that psychologist Dr. Jon Tabije ("Dr. Tabije") violated 18 U.S.C. §§ 3, 1001 and 1519, and the U.N. Convention when he made false statements in plaintiff's medical record to

4

cover up illegal crimes committed against plaintiff. Plaintiff also alleges that Dr. Tabije conspired to fabricate a medical diagnosis to cover up criminal actions committed by others, lied in plaintiff's medical records, and used the medical evaluation board as a tool to remove plaintiff from the Air Force. Plaintiff was reevaluated by an Army psychiatrist and returned to active duty with no restrictions. (D.I. 1, ¶ 12)

Plaintiff alleges that defendant Stephen Mueller ("Mueller") violated 18 U.S.C. § 3 and § 1512, 10 U.S.C. § 1034, 42 U.S.C. § 1983 and § 1985 because he was unwilling to investigate an October 25, 2012 complaint against General Mark Welsh ("Welsh"). Plaintiff alleges that the failure to properly investigate his complaints led to continued cruelty from the chain of command and other military members. Plaintiff alleges that Mueller intentionally delayed the results of the investigation until after plaintiff's separation from the Air Force and Mueller's retirement. (D.I. 1, ¶ 13)

Plaintiff alleges that Lavender violated 18 U.S.C. § 1513 and the U.N. Convention because she was behind wrong information provided to plaintiff regarding his child's first day of school. Lavender refused to respond to plaintiff's communication regarding the matter.

## III. STANDARD OF REVIEW

"If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Although service has not been effected on all defendants and the issue has been raised only by Jones, "federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction

and to decide the issue sua sponte."[5] *Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995). In addition, some cases are "wholly insubstantial, frivolous, and completely devoid of merit" such that they must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Mikkilineni v. Gibson-Thomas Eng'g Co.*, 379 F. App'x 253 (3d Cir. 2010) (unpublished) (citing *Oneida Indian Nation of N.Y. v. Oneida County, N.Y.*, 414 U.S. 661, 666 (1974)). Prior to dismissing a complaint, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining and Mineral Co. v. Fox Rothchild, LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)).

## IV. DISCUSSION

In response to the show cause order, plaintiff states that he has evidence, witnesses, and exhibits that will contradict the notation of fantastical claims. (D.I. 24) Plaintiff provided voluminous documents to the court to support his position. He states that the purpose of his complaint is to prevent further harmful actions, that his primary claim is the violation of his constitutional rights and, therefore, venue is proper in federal court. Plaintiff indicates that his complaint contains the following claims: (1) violation of

---

[5] It appears that plaintiff has properly effected service on a number of defendants including the KOC, President Bush, Jones, Dr. Tabije, and Lavender. Service has been attempted on other defendants, albeit improperly. After service of process, a district court noting the inadequacy of a complaint may, on its own, dismiss it for failure to state a claim provided it affords the litigant prior notice and an opportunity to respond. *See Oatess v. Sobolevitch*, 914 F.2d 428, 430 n.5 (3d Cir.1990); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing cases). *See Coulter v. Unknown Prob. Officer*, 562 F. App'x 87, 89 (3d Cir.) (unpublished), *cert. denied*, 135 S. Ct. 148 (2014).

RICO for tampering with a witness/victim, retaliating against a witness, and the use of a biological weapon, all in violation of 18 U.S.C. §§ 1512 and 1513, and 18 U.S.C. Ch. 10; (2) violation of civil and constitutional rights under the Fourteenth and Fifth Amendments including conspiracy against rights and deprivation of rights under color of law, all in violation of 42 U.S.C. §§ 1983 and 1985, 10 U.S.C. § 1034, 18 U.S.C. § 241, and 18 U.S.C. § 1512; (3) violation of the tort of intentional infliction of emotional distress and the tort of false imprisonment with specific intent, in violation of the Fourteenth and Eighth Amendments, § 546 P.L. Law 102-484, 18 U.S.C. §§ 245, 1512, 1513, 1519, and 42 U.S.C. § 1985; and (4) violations of human rights including the infliction of cruel and unusual punishment, unlawful confinement, humiliating, degrading, cruel treatment, crimes against humanity, war crimes and torture, all in violation of the Fourteenth and Eighth Amendments, Executive Order 12333, Torture Victim Protection Act of 1991, the War Crimes Act of 1949, 18 U.S.C. §§ 2340, 2340(a), 2441, § 546 of P.L. 102-484, and the United Nations Convention against Torture and other Cruel, Inhumane or Degrading Treatment or Punishment.

### A. RICO

To advance a civil claim under RICO, plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)). A "pattern of racketeering activity" requires at least two "predicate acts." *Id.*; 18 U.S.C. § 1961(1), (5). In plaintiff's response to the show cause order, he asserts that claim 1 is a RICO claim with racketeering activity consisting of violations of 18 U.S.C.

§§ 1512 and 1513 and 18 U.S.C. Ch. 10. Plaintiff does not indicate which section of the RICO statute defendants allegedly violated. Plaintiff describes the predicate acts as tampering with a witness/victim, retaliating against a witness, and use of a biological weapon. Plaintiff indicates that defendants' continued illegal actions inflicted him with emotional distress which led to several medical ailments and that defendants will continue with illegal acts against him to discredit him and cause further emotional distress. (*See* D.I. 24 at 3)

The civil cover sheet indicates that the nature of suit in this matter is a Racketeering Influenced and Corrupt Organizations ("RICO") Act action. The complaint, however, makes no reference to a RICO claim, and the only mention of RICO is in the prayer for relief, wherein plaintiff seeks treble damages. (*See* D.I. 1 at 19)

Even were the court to consider plaintiff's responsive brief as alleging a RICO action, he fails to state a RICO claim. Plaintiff appears to claim that all defendants violated RICO. Defendants President Obama, Biden, Holder, and Hagel are named in their official capacities. An action brought against federal employees in their official capacities, is effectively an action against the United States. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). Congress has not waived sovereign immunity for RICO claims. *Jennette v. Holsey,* 2006 WL 1984734, at *1 (M.D. Pa. May 31, 2006); *See also Berger v. Pierce,* 933 F.2d 393, 397 (6th Cir. 1991) (there can be no RICO claim against the federal government). In addition, plaintiff indicates that the alleged RICO violations caused him emotional distress that resulted in physical ailments. However, RICO does not allow recovery for physical and emotional injuries. *See Gentry v. Resolution Trust Corp.,* 937 F.2d 899, 918-19 (3d Cir. 1991).

8

Plaintiff refers to predicate acts for violation of 18 U.S.C. § 1512 (witness, victim, or informant tampering) and § 1513 (retaliation against a witness, victim, or an informant). Plaintiff also refers to 18 U.S.C. Ch. 10, but does not refer to a specific section. The court has scoured the complaint to review its allegations of violations of 18 U.S.C. § 1512 and § 1513, and finds the allegations conclusory and, in many instances when referred to the description of the alleged violation, do not fall under the umbrella of the particular statute.

Even assuming that plaintiff sufficiently alleged predicate acts by the defendants, he fails to allege a pattern of racketeering. To plead a pattern of racketeering activity, plaintiff must allege not only that each defendant committed at least two acts of prohibited racketeering activity, but also that the predicate acts are related and that they amount to or pose a threat of continued criminal activity. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989). Here, the complaint lacks allegations that each defendant committed at least two predicate acts. Moreover, even a liberal reading of the complaint does not lead to the conclusion that all the alleged predicate acts are related. Finally, assuming the truth of the allegations against defendants, as the court must, defendants' actions do not pose a threat of future criminal activity since the activity ended with plaintiff's discharge from the military.[6] Even were plaintiff given leave to amend to correct the pleading deficiencies to add the facts he relates in his

---

[6] The complaint alleges that the "illegal actions . . . against him were intentionally spilled over from the military and into the community" when Lavender allegedly gave plaintiff the wrong date of his child's first day at school. The court finds the allegation of "spillover" improbable. Moreover, the alleged acts of Lavender in no way violated federal criminal statutes.

9

response, the court finds that amendment of the RICO claim would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B. Criminal Statutes

To the extent plaintiff seeks to impose criminal liability upon defendants pursuant to the federal criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008) (unpublished); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). The federal criminal claims are devoid of merit.

### C. 42 U.S.C. § 1982

The complaint makes several references to 42 U.S.C. § 1982. Section 1982 concerns the right of "all citizens of the United States . . . to inherit, purchase, lease, sell, hold, and convey real and personal property." The § 1982 claims are devoid of merit.

### D. 42 U.S.C. § 1983

The complaint makes several references to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). None of the name defendants are state actors. Where a litigant sues federal actors for damages on constitutional grounds, the claim is

governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). The § 1983 claims are devoid of merit.

### E. Immunity

It is well-settled that *Bivens* civil rights actions against the United States and, by extension, against federal agencies or officials sued in their official capacity are barred by sovereign immunity, absent an explicit waiver of that immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 483 (1994); *Huberty v. United States Ambassador to Costa Rica*, 316 F. App'x 120 (3d Cir. 2008) (unpublished); *Douglas v. United States*, 285 F. App'x 955 (3d Cir. 2008) (unpublished); *Jaffee v. United States,* 592 F.2d 712, 717 (3d Cir.1979). Plaintiff has sued President Obama, Vice-President Biden, Holder, and Hagel in their official capacities. The claims are plainly barred by the doctrine of sovereign immunity.

### F. 42 U.S.C. § 1985

Section 1985 is enlisted when alleging a conspiracy. The Supreme Court has interpreted § 1985(3) and the second clause of 1985(2) similarly, finding that each contains language "requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Kush v. Rutledge*, 460 U.S. 719, 725 (1983). It is a well settled constitutional interpretation that "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 726. Plaintiff fails to state a cause of action for conspiracy under § 1985. The complaint does not allege any facts from which one could infer an agreement or understanding among defendants to violate his constitutional rights, or to discriminate against him under § 1985. The § 1985 claims are devoid of merit.

### G. 42 U.S.C. § 1986

The complaint fails to state a claim under § 1986. A cognizable 42 U.S.C. § 1985 claim is a prerequisite to stating a claim under § 1986. *Robison v. Canterbury Vill., Inc.*, 848 F.2d 424, 431 n.10 (3d Cir. 1988); *Brawer v. Horowitz*, 535 F.2d 830, 841 (3d Cir. 1976). Plaintiff has not properly pled a § 1985 violation under any viable legal theory and, in turn, the § 1986 claim is insubstantial and devoid of merit.

## V. CONCLUSION

Following a thorough review of the complaint and other papers of record, the court draws on its judicial experience and common sense and finds that the allegations are not plausible on their face and are wholly insubstantial, frivolous, fantastical or lacking in rationality, and devoid of merit.

For the above reasons, the case will be dismissed for lack of subject matter jurisdiction.[7] The court finds amendment futile. All other motions will be denied as moot.

A separate order shall issue.

---

[7] It appears from the face of the complaint that most of the civil claims are time-barred. For example, 42 U.S.C. § 1982 is subject to a two-year statute of limitations. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (because § 1982 does not contain a statute of limitations, courts should look to analogous state statute of limitations). For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119. The Third Circuit applies the two-year, personal injury statute of limitations to § 1985(3) violations. *Bougher v. University of Pittsburgh*, 882 F.2d 74, 79-80 (3d Cir. 1989) (the appropriate state personal injury statute of limitations applies to § 1985(3) claims.). Finally, the statute of limitations for 42 U.S.C. § 1986 claims is one year after the claim has accrued. *See Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989).